FILED

NOV 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DPS ELECTRONICS, INC., | No. 12-35703 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00082-SEH |
| v. | |
| TRANSPORTATION PRODUCTS SALES COMPANY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 4, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

In this diversity action, DPS Electronics, Inc. (DPS), appeals from a
judgment entered after a three-day bench trial in favor of Transportation Products
Sales Company, Inc. (TPSC). DPS claimed that TPSC breached the non-compete
clause of an Independent Representative Agreement (Agreement) by representing

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Mu-Del Advanced Technologies, LLC (Mu-Del). The non-compete provision prohibited TPSC, during the term of the Agreement and for a period of twelve months thereafter, from representing "any company, organization or person, which directly or indirectly competes with the Company or any Company Products and Services."

The district court found that the Agreement extended only to the DPS products and services that TPSC had agreed to promote, and did not extend to "products in development or not yet ready for market." Based on this reading, the court held that TPSC did not breach the Agreement by representing Mu-Del. The district court also held that DPS had not proved a breach of the implied covenant of good faith and fair dealing or that the Agreement created a fiduciary relationship between the parties.

We affirm the district court's holdings as to the covenant of good faith and fair dealing and breach of fiduciary relationship. We disagree, however, with the court's construction of the non-compete provision. The court improperly conflated the scope of TPSC's representation of DPS, which was limited to products listed on Exhibit E of the Agreement, with the scope of the non-compete provision, which did not contain such a limitation.

2

Because of this error, the district court never determined whether Mu-Del directly or indirectly competed with DPS or with any of its products and services. Nor did the court address whether the non-compete provision was reasonable under Montana law. *See Mungas v. Great Falls Clinic, LLP*, 221 P.3d 1230, 1237 (Mont. 2009). We therefore vacate the judgment, and remand for a determination of the provision's applicability to TPSC's representation of Mu-Del, and, if applicable, its reasonableness.

VACATED in part, AFFIRMED in part, and REMANDED in part. Each party is to bear its own costs.